**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0639-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JUAN CASTILLO,

    Defendant-Appellant.

_____

Submitted January 23, 2020 – Decided February 13, 2020

Before Judges Koblitz and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 06-05-0485.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton Samuel Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Juan Castillo appeals from a June 25, 2018 order, entered after our second remand, denying his petition for post-conviction relief (PCR) after oral argument but without a plenary hearing. We twice remanded to allow oral argument. State v. Castillo, No. A-4704-15 (App. Div. Nov. 27, 2017). We now affirm.

A jury convicted defendant in 2008 of first-degree murder, N.J.S.A. 2C:11-3(a)(1); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). Defendant stabbed the victim to death in a fight between two groups of men in front of a bar in Elizabeth. The trial court sentenced defendant to an aggregate term of forty-five years imprisonment, subject to eighty-five percent parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2(a). We affirmed on direct appeal, remanding only for the merger of one count. State v. Castillo, No. A-3067-08 (App. Div. June 28, 2011) (slip op. at 2), certif. denied, 208 N.J. 600 (2011).

Defendant raises the following issues on appeal:

> POINT I: THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE THE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO AGGRESSIVELY PURSUE AN INTOXICATION DEFENSE AND FAILING TO

2

OBJECT TO THE PROSECUTOR'S IMPROPER REMARKS IN SUMMATION.

A. TRIAL COUNSEL FAILED TO AGGRESSIVELY PURSUE AN INTOXICATION DEFENSE.

B. TRIAL COUNSEL FAILED TO OBJECT TO THE PROSECUTOR'S IMPROPER REMARKS IN SUMMATION.

We review a judge's denial of PCR without an evidentiary hearing de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018). "Post-conviction relief is neither a substitute for direct appeal, R. 3:22-3, nor an opportunity to relitigate cases already decided on the merits, R. 3:22-5." State v. Preciose, 129 N.J. 451, 459 (1992). A defendant raises a cognizable PCR claim if it is based upon a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey." R. 3:22-2(a).

To reverse a conviction based on ineffective assistance of counsel, a defendant must demonstrate that both: (1) "counsel's performance was deficient" and (2) "counsel's errors were so serious as to deprive the defendant of a fair trial." Strickland v. Washington, 466 U.S. 668, 687 (1984); see State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). Under the first prong, counsel's representation must be objectively

unreasonable. State v. Pierre, 223 N.J. 560, 578 (2015). Under the second prong, a "reasonable probability [must exist] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 583 (quoting Strickland, 466 U.S. at 694).

"[W]hile evidentiary hearings are not required," a PCR judge has the discretion to grant such a hearing. State v. Jones, 219 N.J. 298, 311 (2014). A defendant seeking PCR is entitled to an evidentiary hearing when (1) he or she sets forth a prima facie case of ineffective assistance of counsel; (2) the court determines "there are material issues of disputed fact that cannot be resolved by reference to the existing record"; and (3) the court determines "that an evidentiary hearing is necessary to resolve the claims for relief." R. 3:22-10(b). "The judge deciding a PCR claim should conduct an evidentiary hearing when there are disputed issues of material facts related to the defendant's entitlement to PCR, particularly when the dispute regards events and conversations that occur off the record or outside the presence of the judge." State v. Porter, 216 N.J. 343, 354 (2013). In making this determination, the PCR judge must consider the facts "in the light most favorable to [the] defendant." Jones, 219 N.J. at 302.

A-0639-18T1

Defense counsel elicited testimony that the fight occurred after a night of drinking and the participants were drunk. Defendant's statement to the police included his acknowledgement that he was drunk. He said he was "[r]eally drunk, really, really drunk." The jury heard the audio statement. Trial counsel also requested and obtained a jury charge on the intoxication defense consistent with both Model Jury Charges (Criminal), "Intoxication Negating an Element of the Offense (N.J.S.A. 2C:2-8(a))" (rev. Oct. 18, 2005) and Model Jury Charges (Criminal), "Effect of Intoxication on Jury's Consideration of Lesser Offenses Involving Recklessness (N.J.S.A. 2C:2-8(b))" (approved Feb. 27, 1989). In summation, counsel relied on the inconsistencies in the State's evidence, but mentioned intoxication as well. She could not reasonably dwell on intoxication while maintaining defendant did not stab the victim. Her decision not to, as defendant claims, "aggressively pursue" the intoxication defense in summation was clearly a strategic decision, not grounds for PCR. See Strickland, 466 U.S. at 690-91.

Defendant also claims that his trial counsel was ineffective in not objecting to the end of the State's summation, when, in describing the events leading up to the stabbing and the stabbing itself, the prosecutor referred to the defendant as "the baddest guy on the block" twelve times. The evidence

5

supported the inference that the fight was a result of men from two different countries, who had been drinking and belonged to rival gangs, engaging in violence as retaliation for having been "disrespected." Castillo, No. A-3067-08 (slip op. at 3, 9-10). The prosecutor has wide latitude in advocating to the jury but is not permitted to inflame the jury with unsubstantiated rhetoric. See State v. Smith, 187 N.J. 158, 177 (2001).

Even assuming defense counsel should have objected to the State's final words and assuming the objection would have been sustained, defendant did not receive an unfair trial and thus the second prong of the Strickland-Fritz test is not met. The evidence of defendant's guilt was overwhelming. Not only did he confess, but several eyewitnesses saw defendant fighting with and stabbing the victim. Additionally, the trial judge charged the jury that the summations were not evidentiary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0639-18T1